1   STEPHEN L. BURTON, ATTORNEY AT LAW
    SBN 113748
2   16133 VENTURA BOULEVARD, 7TH FLOOR
    ENCINO, CALIFORNIA 91346
3   (818) 501-5055
    (818) 501-5849 FAX
4

5   Attorney for Plaintiff Majid Kamal

6

7                    UNITED STATES BANKRUPTCY COURT

8           CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION

9
    In re:                              )   Case No. 9:17-bk-10038-DS
10                                      )
    MAJID KAMAL,                        )   Chapter 13
11                                      )
         Debtor.                        )
12                                      )
                                        )
13  MAJID KAMAL,                        )
                                        )
14       Plaintiff,                     )   COMPLAINT FOR FRAUDULENT AND/OR
                                        )   ILLEGAL NON-JUDICIAL FORECLOSURE
15       v.                             )
                                        )
16  DEUTSCHE BANK NATIONAL TRUST        )
    COMPANY, an entity of unknown form; )
17  INDYMAC INDX MORTGAGE TRUST         )
    2006-AR5; a Trust, OCWEN LOAN       )
18  SERVICING, a limited liability company, )
    WESTERN PROGRESSIVE TRUSTEE, a      )
19  limited liability company; and DOES 1-30, )
                                        )
20                                      )
         Defendants.                    )
21  _____)

22
        Plaintiff Majid Kamal ("Plaintiff" or "Kamal"), alleges as follows:
23
                           GENERAL ALLEGATIONS
24
        1.      The jurisdiction of this Court is invoked under sections 1334 and 157 of Title 28 of the
25
    United States [28 U.S.C. Sections 1334, 157].  This adversary case is a "core proceeding" under Section
26
    157(b)(2) and section 523 of the Bankruptcy Code.
27
        2.      This adversary proceeding involves property worth more than $570,000.00 and does involve
28
    a consumer debt.  Venue in this judicial district is appropriate pursuant to section 1409(a) of Title 28 of the

Kamal/Complaint                                     MAJID KAMAL'S ADVERSARY
                                                    COMPLAINT

1    United States code [28 U.S.C. Section 1409(a)].

2        3.    This adversary proceeding arises in and relates to Bankruptcy Case N0. 9:17-bk-10038-DS

3    (the "Bankruptcy Case") which was commenced by an original, voluntary petition filed on January 10, 2017

4    and which is presently pending before the court under Chapter 13 of the Bankruptcy Code entitled: Majid

5    Kamal (the Debtor).

6        4.    Plaintiff is an individual, who at all times relevant has resided in the County of Ventura,

7    State of California.

8        5.    Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), is an entity of

9    unknown form, which is authorized and/or does business in the State of California.

10        6.    Defendant IndyMac INDX Mortgage Trust 2006-AR5 ("INDX"), is a trust formed in New

11    York. The corpus of the trust includes pass-through certificates, series 2006-AR5; which purports to

12    include, all any and all interest in, to and arising from the Deed of Trust and Uniform Instrument entered

13    into between Plaintiff and his wife, Sheri Kamal on the one hand, and IndyMac Bank, F.S.B.

14    ("IndyMac") recorded with the Ventura County Recorder on February 22, 2006 (collectively the "Deed

15    of Trust" or "DOT").

16        7.    Defendant Ocwen Loan Servicing ("Ocwen"), is a limited liability company, which is

17    authorized and/or does business in the State of California.

18        8.    Defendant Western Progressive Trustee ("Western"), is an entity of unknown form, which

19    is authorized and/or does business in the State of California.

20        9.    The true names and capacities of those named herein as Does 1 through 30 are unknown

21    at this time. Each fictitiously named defendant is responsible for the events and/or occurrences alleged

22    and/or conspired in some manner with the named defendants and each other, and Plaintiff's damages were

23    proximately and legally caused by their conduct. Plaintiff will seek leave to amend this complaint to state

24    the true names and capacities of such fictitiously named defendants once ascertained. The named

25    defendant and Does 1 through 30 are sometimes referred to collectively as "Defendants."

26        10.    At all relevant times, each defendant acted as an agent, employee and/or co-conspirator

27    of the other Defendants, and in doing the things alleged herein each defendant not only knew of the

28    things alleged herein, but each defendant acted thereon and acted within the course and scope of such

Kamal/Complaint

2

MAJID KAMAL'S ADVERSARY
COMPLAINT

1 | agency, employment and/or in furtherance of the conspiracy. Each defendant's acts alleged were done

2 | with knowledge, permission, and consent of each of the other Defendants and were ratified by them.

3 | **ALLEGATIONS *RE* THE BROKEN CHAIN OF TITLE**

4 | 11.    The history of the chain of title (*i.e.*, from 2006 to present – in chronological order) as

5 | recorded with the Ventura County Recorders office is as follows:

6 | A.    On February 22, 2006, , 2005 – IndyMac recorded the DOT, which identified Financial

7 | Savings Bank ("FSB") as the original trustee, and Mortgage Electronic Registration

8 | Systems, Inc. ("MERS") as a nominee for IndyMac and IndyMac's successors and

9 | assigns. A true and correct copy of the DOT is attached hereto as Exhibit 1.

10 | B.    On July 11, 2008, IndyMac failed as a federal savings and loan and the Office of Thrift

11 | Supervision lawfully appointed the Federal Deposit Insurance Corporation ("FDIC") as

12 | its receiver. The FDIC immediately organized a new and separate (but similarly named)

13 | entity – IndyMac Federal Bank, F.S.B. ("IFB"). The FDIC became IFB's conservator

14 | until it was able to find a buyer for IFB. More importantly, at or about this time (but in

15 | no event later than March 1, 2009) substantially all of IndyMac's assets, including all

16 | rights, title and interest (including its beneficial interest) in and to the DOT were

17 | transferred to IFB. And, while IFB did not record the transfer and its interest in the DOT,

18 | IFB all rights, title and interest (including its beneficial interest) in and to the DOT – not

19 | IndyMac.

20 | C.    Despite that IndyMac had already transferred all of its interest in the DOT to IFB and had

21 | no interest in said DOT, in November 2009, MERS solely as nominee for IndyMac,

22 | purportedly did "grant, sell, convey, and transfer to OneWest Bank, F.S.B. ["OneWest"]

23 | all beneficial interest under that certain [DOT] ... together with the note(s), other

24 | obligations, and money due and to become due thereon, with interest, that are secured by

25 | the [DOT]" by way of an Assignment of Deed of Trust ("DOT Assignment #1") recorded

26 | on November 25, 2009. Stated otherwise, IndyMac and OneWest fraudulently, illegally,

27 | and/or impermissibly prepared and recorded DOT Assignment #1 and recorded same. A

28 | true and correct copy of the DOT Assignment #1 is attached hereto as Exhibit 2.

Kamal/Complaint

3

MAJID KAMAL'S ADVERSARY
COMPLAINT

1     D.   On June 16, 2010, OneWest caused to be recorded a Substitution of Trustee

2     ("Substitution of Trustee #1"), in which OneWest – which at the time had no interest in

3     or to the DOT for the reasons specified above – purported to substitute Aztec Foreclosure

4     Corporation as Trustee, "in place and instead of said original Trustee [FSB.]" A true and

5     correcte copy of the Substitution of Trustee #1 is attached hereto as Exhibit 3.

6   E.   On April 13, 2011, Plaintiff (and his wife) recorded a Home Affordable Modification

7     Agreement. Yet the servicer (Doe 1), which knew full well Plaintiff could not afford to

8     keep his home without the modification, and as part of the conspiracy to wrongfully

9     foreclose on Plaintiff's home, inexplicably denied the approved loan modification.

10   F.   On July 3, 2012, despite that OneWest did not have any interest in the DOT (for the

11     reasons already alleged), it purportedly assigned "all beneficial interest" under the DOT

12     to Deutshe, as Trustee for INDX ("DOT Assignment #2") and recorded said Assignment.

13     A true and correct copy of the DOT Assignment #2 is attached hereto as Exhibit 4.

14   G.   Deutsche, as the purported Trustee for INDX (which had no interest in the DOT),

15     purported to substituted Meridian Foreclosing Services ("Meridian") as Trustee "in place

16     and instead of [the] original Trustee [FSB]" ("Substitution of Trustee #2). Again, for the

17     reasons stated because INDX had no interest in the DOT, thus its purported Trustee

18     (Deutsche) had not right or authority to execute or record Substitution #2 in favor of

19     Meridian, and Meridian had no authority or right to act as Trustee or to take any action

20     against Plaintiff's home/property. A true and correcte copy of the Substitution of Trustee

21     #1 is attached hereto as Exhibit 5.

22   H.   On May 28 2015, Western recorded a Substitution of Trustee, in which Deutsche as the

23     undersigned, not only falsely represents that it is actually the "present Beneficiary under"

24     the subject DOT", but without any right or authority (either for itself or INDX)

25     purportedly substituted Western as the new Trustee ("Substitution of Trustee #3") A true

26     and correct copy of the Substitution of Trustee #3 is attached hereto as Exhibit 6.

27   I.   On June 18, 2015, without any authority or legal right, Western recorded a Notice of

28     Default and Election to Sell under Deed of Trust ("Notice of Default").

1    J.    However, on July 24, 2015, Western recorded a Notice of Recession of the Notice of

2         Default ("Notice of Recession of Notice of Default").  A true and correct copy of the

3         Notice of Recession of Notice of Default is attached hereto as Exhibit 7.

4    K.    On December 4, 2015, without any authority or legal right, Western, as the purported

5         Trustee (which for the reasons alleged above, it was not as a legal matter) for an

6         unidentified "beneficiary", recorded a Notice of Trustee Sale ("Notice of Sale"), without

7         first having properly served Plaintiff, recorded a lawful and/or timely Notice Default,

8         and/or without identifying the Notice of Default on which it is premised.  A true and

9         correct copy of this Notice of Sale is attached hereto as Exhibit 8.

10   12.   Plaintiff alleges on information and belief that for the reasons alleged, every action taken,

11   notice given to Plaintiff, and/or document recorded after paragraph 11B above, was fraudulent, improper

12   and/or legally impermissible.  Thus, the attempted and/or pending foreclosure at the heart of this action

13   Western and/or any beneficiary it purports to represent (including the unidentified beneficiary in the

14   Notice of Sale) failed to conform to the provisions of *Civil Code section 2924 et seq.*  Additionally,

15   Plaintiff further alleges that foreclosure sale of the Property was not executed in accordance with the

16   requirements of *Civil Code section 2924 et seq.*  Moreover, because DOT has been so severely impaired

17   in its essential nature, character, and purpose that the Lender – the counterparty to the transaction at the

18   heart of this litigation – is no longer identifiable and has vanished into the etheric vortex from whence

19   there is no return.  Thus, Plaintiff respectfully requests (*inter alia*) that any attempted foreclosure on

20   the subject property be enjoined and recession of the subject transaction – which is an appropriate,

21   equitable and feasible remedy.

**JURY DEMAND**

23   13.   Plaintiff demands a jury trial for all causes of action set forth herein and jury fees have

24   been posted.

**FIRST CAUSE OF ACTION**

**(For Quite Title, Against All Defendants)**

27   14.   Plaintiff realleges and incorporates by this reference the allegations contained in

28   paragraphs 1 through 12, as though set forth in full herein.

15.    Plaintiff is and at all time herein was, legal owner of the subject property. Based on the facts alleged herein, Plaintiff seeks to quiet title to the subject property in his (and his wife's) favor, and against any claim that Defendants purchased or acquired any interest in and to the subject property such that it may be foreclosed upon by the those who seek to foreclosure on the property. Moreover, Plaintiff seeks to quiet title with respect to anyone else claiming an interest in or to the subject property, by virtue of the any prior purported sale or transfer of any interest in and to the DOT and/or subject property. With respect to any Defendants' claimed interest in the DOT or subject property, a determination is sought as of the date of the filing of this complaint.

16.    Plaintiff seeks judicial declaration that the title to the Property is vested in Plaintiff (and his wife), in fee simple or a undivided 100% interest in the subject property. Moreover, Plaintiff requests that Defendants be declared to have no estate, right, title or interest in the Property (including possession thereto), and that Defendants be forever enjoined from asserting any estate, right, title or interest in or to the subject property.

17.    Plaintiff alleges that Defendants failed to acquire any legal ownership/interest in the subject property. Therefore, neither Western nor any of the other Defendants, have any legal right or authority to foreclose upon Plaintiff's property. Stated otherwise, the foreclosure sale to be held by a purported beneficial owner is improper as the purported beneficial owner (be it INDX, Deutsche, MERS or any other Defendant), in actuality had no beneficial interest in the Property, and Western (as the purported trustee) was not legally appointed as Trustee, that any foreclosure sale unlawful. So, Plaintiff brings this action to restore title to the only true and rightful owner – Plaintiff (in fee simple).

18.    Accordingly, Plaintiff prays for a determination by this that this Court find that Plaintiff (and his wife) has a undivided 100% interest or fee simple interest in and to the subject property. Additionally, Plaintiff prays for consequential damages to Plaintiff, as proven at trial, but in an amount not less than $1,000,000.

19.    Finally, because Defendants all had notice of the above and conspired with one another to defraud Plaintiff as alleged, Defendants did the things alleged herein maliciously, deliberately, fraudulently, with intent to damage, harm and oppress Plaintiff, and/or in conscious disregard of Plaintiff's rights, interests and welfare. Accordingly, Plaintiff is entitled to punitive damages in an

1 | amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (For Declaratory Relief, Against Defendants)

20. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 19, as though set forth in full herein.

21. The allegations by Plaintiff herein establish sufficient facts to support that a real and present controversy exists as to the respective rights of those claiming an interest in and to the DOT and subject property, the authority to foreclose on the Property, and the foreclosure process as a whole in this case. Moreover, Plaintiff contends none of the Defendants ever had any rights, title, interest or authority whatsoever in, to and/or with respect to the DOT and/or Plaintiff's property, and as a result any foreclosure sale (pending or otherwise) by any or on behalf of any of the Defendants would be improper, improper and illegal for the reasons alleged. Finally, because of the break in the chain of title (as alleged) foreclosure is precluded, as none of the named Defendants have or have ever had any authority to act or to take any have actions to foreclose on Plaintiff's property.

22. Plaintiff is informed and believes and based thereon alleges that one or more of the named Defendants will contend: (a) Defendants had the legal authority and right to take the actions which Plaintiff has alleged; (b) that a foreclosure sale is proper and that all of the notices provided and/or recorded were proper; (c) that there was a break in the chain of title as alleged; and (d) at all times relevant none of the named Defendants (nor anyone else) has the authority to act and/or to take action to foreclose on Plaintiff's property.

23. Accordingly, Plaintiff respectfully requests that in this action this Court make a judicial determination as to: (a) whether Defendants had the legal authority and/or right to take the actions which Plaintiff has alleged; (b) whether a foreclosure sale is proper or legal; (c) whether the notices provided and/or recorded were proper and/or granted Defendants any legal right or authority to foreclose upon Plaintiff's property; (d) whether there was a break in the chain of title as alleged; and (e) whether any of the Defendants (or anyone else) has the authority to act and/or to take action to foreclose on Plaintiff's property.

## THIRD CAUSE OF ACTION

(For Cancellation of Instruments, Against Defendants)

24. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 23, as though set forth in full herein.

25. Based on the facts alleged, Plaintiff believes and thereon alleges that there cannot be a legal or otherwise valid transfer of interest in or to the subject property, or the grant of any right or authority to the Defendants.

26. Plaintiff therefore seeks cancellation of the DOT and all of the recorded documents alleged in paragraph 11A through 11K.

## FOURTH CAUSE OF ACTION

(For Unfair Business Practices re Bus. & Prof. Code §17200, *et seq.*,

Against Defendants)

27. Plaintiff incorporates paragraphs 1 through 43 as though set forth in full herein.

28. *California Business & Professions Code* section 17200, *et seq.* ("section 17200"), prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice ..." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of section 17200.

29. Plaintiff believes and alleges that in Defendants had prior knowledge, were a knowing part of, and/or knowingly participated in the illegal and/or fraudulent scheme to foreclosure on Plaintiff's property and/or deteriorate Plaintiff's interest in his property as alleged in violation of section 17200. Plaintiff alleges on information and belief that said defendants knowingly participated in the conspiracy by agreeing to do the things alleged herein with knowledge of the above and knowledge that the industry in which Defendants all participated was set up to confuse, obfuscate, and defraud borrowers and property owners like Plaintiff, all in an attempt to illegally take and/or defraud Plaintiff from his property and and people like plaintiff from their property. Moreover, said defendants, by doing the things alleged as alleged, made misrepresentations to the public at large, including by knowingly recording documents which they knew to be illegal, fraudulent, and inaccurate, and by using the County Recorders Office and recording system to defraud the State of California, Plaintiff, others similarly situated to Plaintiff, and the public in general.

30. Plaintiff is informed and believes and thereon alleges that the conduct, acts and/or

1    practices alleged to have occurred in this instance have occurred repeatedly to many others similarly

2    situated to Plaintiff (including many other unwitting California real property borrowers and property

3    owners who do not have the knowledge, skill, and ability to fight back). Plaintiff believes and based

4    thereon alleges that Defendants' acts and practices have in the past, are presently likely, and if allowed

5    unabated, will in the future deceive others, and thus such acts and practices constitute a fraudulent

6    business act(s) or practice(s). Such conduct (including the above alleged acts and business practices)

7    is ongoing and continues to this date.

8        31.    Specifically, as alleged above, Defendants engage in deceptive business acts and practices

9    with respect to the initiation of foreclosure proceedings by engaging in the following deceptive

10   practices: (a) repeated violations of the *Truth in Lending Act*; (b) repeatedly foreclosing on properties

11   based on invalid documentation, as well as fraudulently and illegally recorded documents which confuse

12   borrowers, property owners, the state, and the public, including, without limitation, by purportedly

13   entering into agreements, transferring or granting rights, title, interests and authority Defendants know,

14   knew and/or should have known they never had in order to foreclose on properties which cannot and

15   should not be foreclosed upon; (c) instituting a practice which allowed Defendants and others to

16   fraudulently foreclose on property based on such fraudulent and unenforceable agreements and

17   document; (d) instituting improper foreclosure proceedings to generate unwarranted fees; (e) executing

18   and recording false and misleading documents (including, documents which purport to give Defendants

19   an interest in property when Defendants have no such legal interest); (f) executing and recording

20   documents (which purport that Defendants have a legal interest in property to which they have no

21   interest) without the legal authority to do so and in order to mislead and defraud others who rely on such

22   filings and recordings; (g) acting as beneficiaries and/or trustees without the legal authority and for

23   purportedly beneficial owners which have no right or interest in or to property; and (h) other deceptive

24   business practices.

25       32.    Plaintiff alleges that Defendants' misconduct as alleged, gave and has given, Defendants

26   an unfair competitive advantage over their competitors, borrowers and property owners. The scheme

27   implemented by Defendants is designed to defraud California consumers (like Plaintiff) and to enrich

28   the Defendants and those in their respective industries.

33.  The foregoing acts and practices have caused substantial harm to California consumers.

34.  Plaintiff believes and thereon alleges that Defendants' unfair, unlawful and fraudulent business practices present a continuing threat to Plaintiff, California, and members of the state's public in that (California) consumers will be defrauded into having their property improperly and illegally foreclosed upon and purchased at staged and/or illegal foreclosure sales. Plaintiff and other members of the general public have no other adequate remedy at law.

35.  Plaintiff is therefore entitled to attorney's fees as available under section 17200 and related sections. These acts and practices, as described in the previous paragraphs, are unfair and violate section 17200 because their regular acts, policies and practices as described above violate the statutes referred to and identified hereinabove, and thus, consequently constitute unlawful business acts and practices within the meaning of section 17200.

36.  Moreover, because Defendants did the acts alleged herein maliciously, deliberately, fraudulently, with intent to damage, harm and oppress Plaintiff, and/or in conscious disregard of Plaintiff's rights, interests and welfare, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff Majid Kamal for judgment against Defendant John Doe and Roes 1-15 (as applicable) in Plaintiff's favor and as against all Defendants, and each of them, joint and severally, as follows:

1.  Plaintiff prays for a determination of Plaintiff's title, as follows: Plaintiff has a undivided 100% interest in and to the subject property or an interest in fee simple in and to the property located at 616 E Avenida De Las Flores, Thousand Oaks, CA 91360 (the legal description to which is attached in Exhibit 1);

2.  For consequential damages in an amount to be proven at trial, but which is presently believed to exceed $1,000,000;

3.  For economic and non-economic damages in an amount to be proven at trial, but which is presently believed to exceed $1,000,000;

4.  For a declaration of the rights, interests and duties of the parties, specifically, that the De3cember 4, 2015 foreclosure sale, foreclosing on the Property (located at  616 E

Avenida De Las Flores, Thousand Oaks, CA 91360 ) be adjudged to be wrongful, illegal, fraudulent and void;

5.   For a declaration in the form of an Order that all rights, title and interests in and to the Property are Plaintiff's alone;

6.   For a declaration in the form of an Order canceling and vacating the following documents: (a) the *Deed of Trust* (recorded with document identification number 20060222-0035767); (b) the *ASSIGNMENT OF DEED OF TRUST*(recorded with document identification number 20091125-00191064-0); (c) the Substitution of Trustee (recorded with document identification number 20100616-00088299-0); (d) the *ASSIGNMENT OF DEED OF TRUST*(recorded with document identification number 20120703-00117152-0; (e) the Substitution of Trustee (recorded with document identification number 20120727-00131357-0); (f) Substitution of Trustee (recorded with document identification number 20150528-002080391-0); (g) the Notice of Default (recorded with document identification number 20150618-00093178-0); (h) the Notice of Sale (recorded with document identification number 20151204-00175580-0. A true and correct copy of the Notice of Sale is attached hereto as Exhibit 9.

7.   For punitive damages (in the First through Fifth Causes of Action), in an amount to be determined and proven;

8.   Pursuant to Business & Professions Code section 17200 *et seq.* (including P&B Code §17203), that all Defendants and all those who acted in concert with said Defendants and/or in furtherance of their conspiracy be permanently enjoined from committing any acts of unfair competition in violation of section 17200, including, but not limited to, the violations alleged herein;

9.   For civil penalties pursuant to statue, restitution, injunctive relief and reasonable attorney's fees and costs as permitted by law and according to proof;

10.   For reasonable attorney's fees and costs according to proof (where and as permitted by law); and

11.    For reasonable costs of suit and for such other and further relief as the Court deems just and proper.

WHEREFORE, Kamal respectfully requests that this Court enter a Judgment determining that the non-judicial foreclosure referred to herein must be enjoined as it is fraudulent, illegal under California law as said foreclosure will adversely affect Kamal, his bankruptcy estate and creditors; and for such other and further relief as this Court deems just and proper.

DATED: May 10, 2017                         Stephen L. Burton, Attorney at Law

By:

Attorney for Plaintiff, Majid Kamal